```
1                    UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF FLORIDA
2                          PENSACOLA DIVISION

3

    UNITED STATES OF AMERICA,     )
4                                 )
                    Plaintiff,    ) Case No: 3:19-cr-39/RV
5                                 )
         v.                       ) Pensacola, Florida
6                                 ) August 1, 2019
                                  ) 10:33 a.m.
7   KEVIN A. PEAVY,               )
                                  )
8                   Defendant.    )
    _____)
9

10                     TRANSCRIPT OF SENTENCING
                 BEFORE THE HONORABLE ROGER VINSON
11             SENIOR UNITED STATES DISTRICT JUDGE
                      (Pages 1 through 18)
12

13  APPEARANCES:

14

    For the Government:      United States Attorney's Office
15                           by:  DAVID L. GOLDBERG
                             21 East Garden Street
16                           Suite 400
                             Pensacola, Florida 32502-5675
17                           (850) 444-4000
                             david.goldberg@usdoj.gov
18

19  For the Defendant:       Stephen E. Sutherland, PA
                             by:  STEPHEN E. SUTHERLAND
20                           201 East Government Street
                             Pensacola, Florida 32502
21                           (850) 432-5400
                             sespalaw@aol.com
22

23
                       Julie A. Wycoff, RMR, CRR
24                Official United States Court Reporter
               (850) 470-8196 * julieawycoff@gmail.com
25
```

**P R O C E E D I N G S**

*(Call to Order of the Court.)*

THE COURT: Good morning. Be seated, please.

Pursuant to Notice we have sentencing this morning in Case 3:19cr039 for Kevin A. Peavy, Jr.

So, counsel, if you'll come up in front of the clerk's bench with Mr. Peavy.

Mr. Goldberg, good morning.

MR. GOLDBERG: Good morning, Your Honor.

THE COURT: Mr. Sutherland, good morning.

Kevin A. Peavy, Jr., pursuant to your plea of guilty to Counts One through Six of the indictment charging you in this case, I hereby adjudge you guilty as to each of those counts.

Now, before I impose sentence this morning, I think you know you'll have an opportunity to speak, both personally and through your attorney, about anything at all that you believe I should know. But first I need to ask you about the Presentence Investigation Report prepared by the Probation Office. Have you received a copy of that report, and have you carefully read it and gone over it with Mr. Sutherland?

THE DEFENDANT: Yes, sir.

THE COURT: Have you found any factual errors in that report that have not been corrected?

THE DEFENDANT: Only thing that I -- I found a few things that were wrong, but the only thing that really hurts

1   anything in my cause would be the open cases I got in Escambia
2   County.
3           THE COURT:  Well, there's, I think, an objection still
4   pending on --
5           MR. SUTHERLAND:  I'll address those, Your Honor.
6           THE COURT:  Yeah, other than the matters that are the
7   subject of an objection, any factual errors as far as you can
8   tell?
9           THE DEFENDANT:  No, sir.
10          THE COURT:  Personal information or anything like
11  that?
12          THE DEFENDANT:  No, sir.
13          MR. SUTHERLAND:  He did want to mention --
14          THE COURT:  As far as you can tell, it's accurate
15  then, right, Mr. Peavy?
16          MR. SUTHERLAND:  He did want to mention that as of the
17  date of today, they still haven't got his record of the GED.
18  But he does have a GED.
19          THE COURT:  Okay.
20          MR. SUTHERLAND:  I think it said they still haven't
21  received those records yet.  It's still in the State of Florida
22  penal system.
23          THE COURT:  That was while he was in state prison?
24          MR. SUTHERLAND:  Yes.  Just, it's page 38 of the
25  presentence report, mentions --

1       THE COURT: Let me make --

2       MR. SUTHERLAND: -- that they're unable to verify that
3  he had a GED, and he wants the Court to know that he does have a
4  GED.

5       THE COURT: I'll make a note that the defendant has
6  confirmed. Okay.

7       All right. Subject to that, Mr. Peavy, everything is
8  accurate as far as you can tell?

9       MR. SUTHERLAND: Well, Judge, he has some questions.
10 And it's not deniability; it's of concern to him. And I'll go
11 over it. I just want to advise the Court is that, you know,
12 pursuant to my office policy, I provided him with a copy of the
13 presentence report before I went out and talked to him so he'd
14 be familiar with it. And we went over it.

15      He says that he is completely unaware of the charges
16 that they say they have on him in Whatcom County, Washington.
17 Ms. Dancy apparently did contact them, and they said there is an
18 active warrant for him and he said he's the unaware of it and
19 since he's going to ask the Court for a designation to the State
20 of Washington, I assuming that they'll take care of it there.
21 They'll either drop the charges or they've --

22      THE COURT: Well --

23      MR. SUTHERLAND: -- according to Ms. Dancy.

24      THE COURT: -- I've had some prior dealings with the
25 State of Washington, and they do not, for reasons of their own,

1   extradite from Florida.
2           MR. SUTHERLAND:  Okay.  I just wanted the Court to
3   know.
4           THE COURT:  So when you go out to that state, you
5   don't have to be extradited, of course.  If you're there --
6           MR. SUTHERLAND:  That's correct.  If he's asking for a
7   designation of the State of Washington, he's over there, then
8   they'll have to decide.
9           The other thing, Judge, is we asked that on paragraph
10  63, 65, 66, and 67, he got assessed three points for each of
11  those for his criminal conduct.  And he was indicating to me
12  that when he entered his plea deal, his deal wasn't for time
13  served in excess of one year and one month.  It says it was like
14  for a year and ten days, or whatever.  However, we have done
15  everything that we can to check that.
16          Ms. Dancy -- I raised that objection.  She provided me
17  with the judgment because I couldn't access them from the court.
18  All the judgments reflect is time served.  The dates that he was
19  in jail show that he was in jail for 500 and some days.  The
20  NCI -- NCIC scoresheet that comes out shows that time served was
21  417 days.  I'm thinking that what Mr. Peavy is saying probably
22  has some credibility.  Because looking at the NCIC sheet on the
23  judgment here, you have 470 days' credit for a misdemeanor which
24  could only carry a year.  So somewhere there is something wrong.
25          I called her.  You know, graciously she went and --

1   she had access to the files, and she said that the minutes show
2   just time served and that the plea agreement that was filed with
3   the court just show time served.
4             THE COURT:  It's time served on all -- all four of
5   them concurrent, so each one of them got the same subject of the
6   statutory maximum.
7             MR. SUTHERLAND:  That's correct.
8             THE COURT:  So the misdemeanor would only be limited
9   to one year but --
10            MR. SUTHERLAND:  And what I'm saying, Judge, is even
11  if he did get four points' reduction, he's still going to score
12  a Category VI.  And I think when he made the objection to me he
13  was of the understanding that that would go to his base offense
14  level.  And I explained that to him a second time.  I went out
15  and told him it does.  So he still scores a Category VI.
16            THE COURT:  It will have no impact one way or the
17  other on his offense level --
18            MR. SUTHERLAND:  That's correct, Judge.
19            THE COURT:  -- but in terms of whether they're
20  countable, I've looked the them, each one has an intervening
21  arrest.
22            MR. SUTHERLAND:  Yes, sir.  He's accountable for them.
23            THE COURT:  Each one received a sentence of time
24  served, which turned out to have been almost 20 months in total,
25  without taking into account the time on the violations in the

1    rearrest arrest which probably would be counted.
2             MR. SUTHERLAND:  Yeah.
3             THE COURT:  And he's still got a violation hearing
4    set.  What's the story on that?
5             MR. SUTHERLAND:  It's my understanding it's going to
6    be dismissed after this is taken care of.
7             Is that your understanding?
8             THE DEFENDANT:  They came to see me yesterday, filed a
9    writ for a motion to transport.  I go to court on the 2nd.
10            THE COURT:  Well, there's also a question about who's
11   custody he is.  I think he's in our custody now since --
12            MR. SUTHERLAND:  I think he's in your custody, Judge.
13            THE COURT:  -- the charge for which he was arrested in
14   the state has now been *nolle prossed* because of our prosecution.
15            MR. SUTHERLAND:  Yeah.
16            THE COURT:  And that time began in February when he
17   was arrested for his violation, was in March.
18            MR. SUTHERLAND:  Yeah.
19            THE COURT:  So we had primary custody, it looks like.
20            MR. SUTHERLAND:  Yeah.
21            THE COURT:  Based upon the state arrest which was
22   *nolle prossed*.
23            MR. SUTHERLAND:  So as I indicated, Judge, the
24   objection that we had, or whatever, is not going to affect the
25   ultimate finding of an offense level 31 and Criminal History

1  Category of VI.
2          THE COURT:  It will not, but I'm going to overrule the
3  objection because I think all of those are countable offenses.
4          MR. SUTHERLAND:  Yes.
5          THE COURT:  Because it was a concurrent sentence on
6  each one of almost 20 months, was the time served, counted.
7          Mr. Goldberg, do you have anything to add to this?
8          MR. GOLDBERG:  Only to make a record in case we need
9  at a later date, Your Honor.  Pursuant to my own obsessive
10 compulsive disorder, I have exhibits that verify the Court's
11 overruling of that objection.
12         Exhibits A1 through A4 are the arrest and booking of
13 the defendant into the jail and his release showing all the
14 intervening arrests for paragraph 63, 65, 66, and 67.
15 Government's Exhibits B1 through B4 are the four judgments that
16 coincide with A1 through A4.  It's showing there is a felony
17 conviction in each, showing that they all got time served,
18 showing that they all run concurrent with one another.  The
19 second or third page of each judgment in the stop right-hand
20 corner lists all the cases together.  So they were adjudicated
21 together, time served, over the time frame of a year and a day
22 or a year and a month.
23         And these exhibits, which I'll admit now is A1 through
24 A4 and B1 through B4 confirm the work of the United States
25 Probation Office.

1           THE COURT:  All right.
2           Mr. Sutherland, have you seen those?
3           MR. SUTHERLAND:  I have.  And Ms. Dancy was gracious
4  enough to provide that to me before this hearing.
5           THE COURT:  All right.  They're admitted without
6  objection.  All right.  Admitted for purposes of this sentencing
7  hearing.
8           MR. GOLDBERG:  Thank you, Your Honor.
9      *(GOVERNMENT EXHIBIT A1-A4, B1-B4:  Received in evidence.)*
10          THE COURT:  All right.  With that, I think -- let's
11 see if you have any other objections, Mr. Sutherland.  We sort
12 of drifted into those.
13          MR. SUTHERLAND:  I don't have any more objections that
14 he's requested me --
15          Any other objections?
16          THE DEFENDANT:  No, sir.
17          THE COURT:  All right.  And there are no objections
18 from the Government?
19          MR. GOLDBERG:  That's accurate, Your Honor.
20          THE COURT:  So, Mr. Sutherland, would you like to
21 speak on his behalf?
22          MR. SUTHERLAND:  I would very briefly, Judge, and I
23 think that he wanted to address the Court too.
24          Don't you?
25          THE DEFENDANT:  (Nodding head.)

1  MR. SUTHERLAND: He scores, Judge, under Offense Level
2  31, Category Criminal History VI 188 to 235 months. Count One
3  does carry a mandatory minimum of ten years, which, of course,
4  the 188 months is over that.
5  THE COURT: Count Two.
6  MR. SUTHERLAND: Count Two, I'm sorry.
7  And we're requesting that the Court sentence him to
8  the lower end of the guidelines even though he has a tremendous
9  criminal history record. I think that taking into consideration
10 the offense that he's charged with here, as well as he's
11 actually -- at the lower end of the guidelines has served more
12 than the mandatory minimum of just that one charge. That 188
13 days -- 188 months satisfies what the Court looks at, the
14 factors sufficient for his thing there. That's a pretty long
15 period of time. So we're asking the Court to sentence him to
16 the lower end of the guidelines.
17 THE COURT: Well, that's probably what I'm going to
18 do, and --
19 MR. SUTHERLAND: I also wanted to let the Court know
20 that he does have his fiancee here and her two children that
21 he's been a father figure for. And we wanted to point them out
22 to show that there is familial -- family support for him.
23 THE COURT: All right.
24 All right. Mr. Peavy, would you like to speak
25 personally?

1        THE DEFENDANT:  (Shaking head.)

2        THE COURT:  Pull that microphone down, Mr. Sutherland.
3   Point it toward him.

4        THE DEFENDANT:  No.

5        MR. SUTHERLAND:  That was a no, sir.

6        THE COURT:  Well, this is your opportunity, Mr. Peavy,
7   if you want to say anything.

8        I very carefully reviewed -- well, let me see what
9   Mr. Goldberg has to say.

10       MR. GOLDBERG:  Your Honor, I believe the mandatory
11  minimums lie in Count One and in Count Three and in Count Four.
12  The defendant's been committing crimes for 20 years, and today's
13  the day it's going to catch up with him.  I have no objection to
14  the guideline sentence that the defense requests.

15       THE COURT:  All right.  There is a minimum mandatory
16  on Count One of ten years.  You're right.  Count Two is a
17  ten-year max; a mandatory minimum on Count Three of five years;
18  as well as five years on Count Four.

19       Anything else, Mr. Sutherland?

20       MR. SUTHERLAND:  No, Your Honor.

21       THE COURT:  Well, Mr. Peavy, I have carefully reviewed
22  everything in your Presentence Investigation Report.  And
23  subject to the corrections that we've made, I find that it's
24  accurate and it's incorporated into and made a part of your
25  sentence as our procedure contemplates.  I've also carefully

1   reviewed everything about your own personal circumstances, and
2   certainly you've had a difficult childhood and upbringing.
3            Pursuant to the Sentencing Reform Act of 1984 and the
4   amendments to that Act and in accordance with the policy
5   statements and guidelines from the United States Sentencing
6   Commission and the interpretation and application of those
7   guidelines and the underlying law by the courts, it is the
8   judgment of the Court that you're hereby committed to the
9   custody of the Bureau of Prisons to be in prison for a total
10  term of 188 months, which is comprised of 188 months as to
11  Counts One, Three, Four, Five, and Six, and 120 months, the
12  statutory maximum, as to Count Two, with all counts to be served
13  and run concurrent, one with the other.
14           This sentence is at the bottom of the guideline
15  imprisonment range and also satisfies the mandatory minimum term
16  of imprisonment required by statute for Counts One, Three, and
17  Four.
18           In determining an appropriate sentence, I've carefully
19  considered all the factor set out in Title 18, United States
20  Code, Section 3553(a).  And I've also taken into account the
21  advisory nature of the sentencing guidelines themselves.  It's
22  my conclusion that this sentence is reasonable and appropriate
23  in your case, and a greater sentence is not necessary to meet
24  those statutory purposes.
25           The sentence itself is intended to meet the sentencing

1    goals of punishment for your conduct, as well as specific
2    deterrence to keep you from doing it further and general
3    deterrence to keep others from doing something similar.
4             It's my recommendation to the Bureau of Prisons that
5    you be designated to an institution as near to Ferndale,
6    Washington, as reasonably possible as you've requested;
7             Is that right, Mr. Sutherland?
8             MR. SUTHERLAND:  That's correct, Your Honor.
9             THE COURT:  I also find from the history in the
10   Presentence Investigation Report, Mr. Peavy, that you're a
11   person in need of a focused and intensive substance abuse
12   treatment program, both during your incarceration and on reentry
13   through a residential reentry center.
14            I am recommending to the Bureau of Prisons that you be
15   placed in its residential drug abuse treatment program.
16   However, there are some qualifications that you're -- it's going
17   to be questionable because of the firearms and other matters.
18   And, of course, they're overcrowded on that program anyway, but
19   I am recommending it.
20            And while awaiting placement in that program or if
21   you're deemed ineligible for any reason, I order that you
22   complete any drug education classes and programs offered at the
23   institution where you're located and any nonresidential drug
24   treatment programs that may be available.
25            I also recommend that you participate in any cognitive

1  behavior therapy programming available through the Bureau of
2  Prisons.
3         It will also be my recommendation that you participate
4  in any programs available for vocational training of any sort
5  because I think that would help when you get out.
6         From the financial information provided, I find that
7  you do not have the financial ability to pay a fine, either
8  within or below the guideline range, so I'm waiving the payment
9  of a fine.  But the law requires a $100 special monetary
10 assessment on each count, so it's so ordered, for a total of
11 $600, which is due and payable immediately.
12         Upon release from custody, Mr. Peavy, you'll be placed
13 on supervised release for a total of five years, comprised of
14 five years on Counts One, Three, and Four and three years on
15 Counts Two, Five, and Six, with each count to be served
16 concurrently, one with the other.  That supervision will be
17 under the standard conditions of supervision adopted by this
18 Court, including DNA testing, along with the following special
19 conditions:
20         First, you'll be evaluated for substance abuse and
21 mental health and referred to treatment as determined necessary
22 through an evaluation process.  That treatment should include
23 participation in a cognitive behavior therapy program.  During
24 your supervision, you'll be tested for the presence of illegal
25 controlled substances or alcohol at any time.

1          Second, you'll submit your person, property, house,
2   residence, vehicles, papers, cell phones, computers, and any
3   other electronic communication or storage devices to a search to
4   be conducted by a United States probation officer at a
5   reasonable time and in a reasonable manner.  Failure to submit
6   to such a search may be grounds for revocation of your
7   supervised release.  You must warn other occupants that your
8   premises may be subject to searches pursuant to this condition,
9   and a search may be conducted under this condition only when
10  reasonable suspicion exists that you may have violated a
11  condition of your supervision and that the areas to be searched
12  may contain evidence of that violation.
13         Third, you'll cooperate with the U.S. Probation
14  Department and the Florida Department of Revenue's Child Support
15  Enforcement Program in the establishment of child support and
16  make any and all required child support payments.
17         Fourth, you'll provide the supervising U.S. probation
18  officer with access to any requested financial information and
19  report the source and amount of personal income and financial
20  assets to the supervising U.S. probation officer as directed.
21         As we've indicated, you'll be given time-served credit
22  for the time in custody, which I think should begin on
23  February 22nd of this year.
24         Does that sound right, Mr. Goldberg?
25         MR. GOLDBERG:  Yes, Your Honor.  I believe that's when

1  he was taken into custody.
2          THE COURT:  Under this offense as charged in the state
3  which we've taken over.
4          MR. GOLDBERG:  That is accurate.
5          THE COURT:  Mr. Goldberg, is there anything forfeiture
6  sought by the Government in this case?
7          MR. GOLDBERG:  No, Your Honor.
8          THE COURT:  Mr. Peavy, you are advised that you do
9  have the right to appeal from the sentence and judgment I've
10 imposed.  Any appeal has to be filed within 14 days.  If you are
11 unable to afford the cost of an appeal, you may apply for leave
12 to appeal *in forma pauperis*, which, if granted, will allow you
13 to take an appeal without any cost to you.  And if you feel you
14 have grounds for an appeal, upon request, the clerk will
15 immediately file a Notice of Appeal on your behalf.  I'm sure
16 Mr. Sutherland will discuss that matter with you before he
17 leaves if you want.  But again, any appeal has to be filed
18 within 14 days.
19         MR. SUTHERLAND:  I advised him, Judge, that the appeal
20 is 14 days from the date the judgment is signed.
21         THE COURT:  Yes, that's right.  14 days from the time
22 the judgment is signed.
23         I think that concludes everything regarding Mr. Peavy
24 and his sentence.  Counsel, do either of you have anything that
25 needs to be amplified under the Eleventh Circuit's --

1          MR. SUTHERLAND:  No, Your Honor.
2          THE COURT:  -- procedure or clarified?
3          MR. GOLDBERG:  Nothing from the Government, Your
4   Honor.
5          THE COURT:  Mr. Sutherland?
6          MR. SUTHERLAND:  Nothing.
7          THE COURT:  All right.  If there's nothing else, then
8   we are adjourned for the morning.
9          Good luck, Mr. Peavy.
10         THE DEFENDANT:  Thanks.
11      *(Proceedings adjourned at 10:53 a.m.)*
12                        * * * * * * *
13      I hereby certify that the foregoing is a true and correct
    transcript of the stenographically reported proceedings held in
14  the above-entitled matter, pursuant to the provisions of Section
    753, Title 28, United States Code.
15
16  *Julie A. Wycoff*                          7/26/22
    _____     _____
17  Julie A. Wycoff, RMR, CRR           Date
    Official U.S. Court Reporter
18
19
20
21
22
23
24
25

**I N D E X**

**GOVERNMENT EXHIBITS**

| Exhibit | Description | Marked | Admitted |
|---------|-------------|--------|----------|
| A1-A4 | Arrest and booking report | 9 | 9 |
| B1-B4 | Judgments of felony convictions | 9 | 9 |